IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

EUGENE SMITH                                                                                          PLAINTIFF

V.                                        4:06CV00654 JLH/JFF

HUGHES NETWORK SYSTEMS, LLC                                                        DEFENDANT

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

This recommended disposition has been submitted to United States District Judge Holmes. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and two copies of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

**MOTION FOR DEFAULT JUDGMENT**

Plaintiff has moved for default judgment (DE# 21) against Hughes Network Systems LLC. Federal Rule of Civil Procedure 55(a) provides that when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and

1

**that fact is made to appear by affidavit or otherwise**... In his motion for default plaintiff states:

    1. The plaintiff has filed a civil complaint in the United States District Court of Eastern Arkansas.
    2. The defendant has not filed an answer with the court in a timely manner which is reconized by the court as customary.
    3. Defendant has failed to comply with FRCP Rule 8(b)(c).
    4. The information I have will show that the defendant fail to provide plaitiff with the service that I was paying for, and repeadly ignored request for restoration of service from the Attorney General of the State of Arkansas.
    5. Defendant has continued to harass plaintiff through continually billing plaintiff, although service has been disconnected for months.
    6. The plaintiff has statements of quotes directly from the defendant customer service representatives, who consistantly gave false and misleading statements concerning the repair instruction for the service that had no "truthfull basis" for restoring plaintiff's internet service.
    7. Defendant changed the site identification number with notifing plaintiff.
    8. Defendant diseguarded 1986 FCC rules and regulations with reguards to service to disabled persons.
    9. Defendant violated FTC rules U.S Code (Title 15 chapter 1 rules) reguarding restraint of trade.
    10. The defendant has caused the plaintiff and family unmitigating harm in the lost of valuable research time and lost of the ability to gain educational benefits through the service.
    11. The plaintiff further states that the defendant attempted to intimadte the plaintiff in disconnection of service, when in fact the account was not deliquent.
    12. Defendant is in violation of FCRP 12.11(b), 12.11(2). 12/3(1a,b), and prays that the court grant it's request for a default judgment.

Plaintiff's motion for default does not convince this court that the defendant has failed to plead or otherwise defend this case because there is no proof that service was effected. By order entered January 17, 2007 (DE# 22) the undersigned warned Plaintiff that his complaint faced dismissal for failure of timely service. Plaintiff has now submitted affidavits (DE# 24-1 & 24-2) in support of his motion, one of which (DE# 24-2) contains the handwritten notation "Proof of Service." The affidavit indicates that an attached shipment receipt from UPS, dated 6-9-06,

consisting of "papers" was sent from Eugene Smith, 200 S. McClendon St., Forrest City, AR, 72335, to Hughes Network Systems, LLC, 11717 Exploration Ln., Germantown, MD, 20876-2799.

The undersigned finds that the affidavits submitted by plaintiff are insufficient to comply with the Federal Rules of Civil Procedure regarding service of a complaint upon a corporate defendant. Rule 4(h) provides in pertinent part...

> Unless otherwise provided by federal law, service upon a domestic or foreign corporation or upon a partnership or other unincorporated association that is subject to suit under a common name, and from which a waiver of service has not been obtained and filed, shall be effected:
>
> **(1)** in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant, or...

Plaintiff's affidavit indicates that, at best, Plaintiff sent some sort of "papers" to "hughes network systems, llc" at an address in Maryland. There is no indication that these "papers" included a summons and copy of the complaint and they were not sent to an officer, managing or general agent, or to any other authorized agent authorized by appointment or by law to receive service of process.

Assuming, arguendo, that Plaintiff was attempting to effect service by certified mail, he has not complied with the requirements of service by certified mail as outlined in Local Rule 4.1 which provides that such service shall proceed in accordance with Rule 4 of the Arkansas Rules of Civil Procedure. For service on a corporation, Arkansas Rule of Civil Procedure 4(d)(5) requires delivery of a copy of the summons and complaint to an officer ...or any agent authorized

by appointment or by law to receive service of summons.[1] Rule 4(d)(8)(C) allows for service by a commercial delivery service, but proof of actual delivery on and signature of the defendant or agent is required.

Plaintiff was notified of his responsibility to comply with all the Federal Rules of Civil Procedure and Local Rules of this court by order entered June 7, 2006 (DE# 11). Plaintiff has not complied with this order. It is within this court's discretion to dismiss this complaint due to Plaintiff's failure to effectuate service. *Bullock v. United States*, 160 F.3d 441 (8th Cir. 1999); *Carmona v. Ross*, 376 F.3d 829 (8th Cir. 2004).

THEREFORE, the Magistrate Judge recommends that Plaintiff's motion for default judgment (DE# 21) be DENIED and that this complaint be dismissed without prejudice.

Dated this 15th day of March 2007.

/s/ John F. Forster, Jr.
U. S. Magistrate Judge John F. Forster, Jr.

---

[1] Records of the Arkansas Secretary of State show that a "Hughes Network Systems, LLC of Delaware" is a Delaware corporation registered to do business in Arkansas. The corporation's registered agent for service of process is The Corporation Company, 425 W. Capitol Avenue, Suite 1700, Little Rock, Arkansas, 72201.